FILED 2.

JUN 2 9 2004

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

PRISONERS OF THE GEORGETOWN COUNTY
DETENTION CENTER; PLAINTIFFS,

1. STACY W. HOWARD-MENS LEGIS
2. RONALD D. TODD
3. Roger T BARR
4. John Henry Green
5. Kevin Harrell
6. James A Brooks JR
7. Brandon Burgess
8. Johntal Howard
9. Willie Barnes
10. Javon Brown
11. Frank Harrelson
12. TRAVIS ORANGE
13. Steven Basham
14. Floyd Session
15. Thomas Thompson
16. Alfonzo Smalls
17. Al Smith
18. Jeffrey Stanley
19. Adrian Ford
20. Curtis Lawrimore
21. Jonathan Richter
22. Selden ____

CASE NO.: 6:04-CV-2050

COMPLAINT FOR CIVIL
DEPRIVATION OF RIGHTS
42 U.S.C SEC. 1983

1

3,

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

23. Frankie Elliott
24. Billy Joe Gunter
25. Keith Cohen
26. Kenneth Lawshe
27. Napolean Sumter
28. Franklin McGirt
* * * * * * * * * * * * * *
29. RAYMOND WILKINS
30. JOHNNY MORRIS
31. PATRICK GIVENS
32. LIONEL GRATE
33. JAMES GREENE
34. JIMMY R. DEES
35. MAURICE VANDEROSS
36. MARQUET A. GRIER
37. EDWARD BELLAMY
38. SANDY CLARK
39. BRAD ANDERSON
40. WILLIAM C. MILLER
41. MICHAEL BARNES
42. RASHVAN WRIGHT
43. DERON BROWN
44. EFFERSON BRYANT
45. GIRVONNE JORDAN
46. TIMOTHY EDWARDS
47. JAMEL BROWN
48. KENDRICK SUMPTER

US DISTRICT CT COLA, SC

2004 JUN 21 P 4: 13

RECEIVED, CLERKS OFFICE

4.

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

49. KENNETH LAWSHE

50. JOSHUA GRIER

51. RASHWAN ALEXANDER

52. DAVID E. WIGFALL

53. JAMES BRYANT

54. HARRY PETERSON

55. EDWARD L. WARREN

56. LAMONT GREENE

57. DAVID ISAAC

58. ROBERT DAVIS

59. KEITH SUMTER

60. JAMES M. CHESLEY

61. WILLIAM RUGGLES

62. MARVIN HALE

63. JARRELL GRANT

64. JERMAINE ARMSTRONG

65. AHRMAUND M. JENKINS

66. TREVELL JOHNSON

67. DATRONE SMALLS

68. JERMAINE ALSTON

69. JEREMY JOHNSON

70. TERRELL DAVIS

71. ISIAH BROWN, JR.

72. QUENTIN SAMUEL

73. JONATHAN ARMSTEAD

74. DERICK COLLIER

75. STEVEN HEWEITT

Vs.

GEORGETOWN COUNTY DET. CEN.

CHIEF MIKE SWARTZ , MAJOR

CHUCK KOCIS , CAPTAIN KENNETH

OWENS , CAPTAIN BARRY MARSH

DEFENDANTS.

5.

ONE: THE PLAINTIFFS ARE DETAINEES IN THE GEORGETOWN COUNTY DETENTION CENTER AND THEIR ADDRESS IS 2394 BROWNSFERRY ROAD, GEORGETOWN, S.C. 29440.

TWO: THE DEFENDANTS ARE EMPLOYEES OF THE GEORGETOWN COUNTY SHERIFF; A. LANE CRIBB, AND THE ADMINISTRATION CHAIN OF COMMAND FOR THE GEORGETOWN COUNTY DETENTION CENTER. DEFENDANTS' BUSINESS ADDRESS IS 2394 BROWNSFERRY ROAD, GEORGETOWN, S.C. 29440.

THREE: THE DENDANTS' OFFICIAL DUTY IS UNDER THE COLOR OF LAW BY THE PROVISIONS IN CODE OF LAWS OF SOUTH CAROLINA TITLE 24, CHAPTERS 5,9,13 AND 27.

FOUR: THIS ACTION IS TAKEN PURSUANT TO 42 U.S.C. 1983 FOR CIVIL DEPRIVATION OF RIGHTS WHERE EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE OF ANY STATE OR TERRITORY, SUBJECTS OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTI- TUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS.

FIVE: THERE IS A POLICY ESTABLISHED BY THE CHIEF ADMINISTRATOR OF THE DETENTION CENTER AND IT IS KNOWN AS THE PRISONERS HANDBOOK. THE HANDBOOK CONSISTS OF TWENTY- FOUR (24) PAGES.

## MAIL

6.

SIX: THE DEFENDANTS NEGLECT *THE MAILING REQUIREMENT IN THE PRISONER HANDBOOK* PAGE 9 II. MAIL AND DENY THE PLAINTIFFS' DUE PROCESS, EQUAL PROTECTION OF *THE LAW AND ACCESS TO THE COURTS WHERE PLAINTIFFS' WITHOUT MONEY IN THEIR* ACCOUNTS ARE NOT ALLOWED TO SEND OUT MAIL UNTIL AFTER THIRTY (30) DAYS HAS ELAPSED FROM THE DATE OF PLAINTIFFS' CONFINEMENT *IN THE DETENTION* CENTER. THE DEFENDANTS ALSO HOLD, RETURN, DISCARD AND DESTROY *THE* PLAINTIFFS' LEGAL MAIL AND WILL *NOT ALLOW PLAINTIFFS'* WHO ARE WITHOUT FUNDS IN THEIR ACCOUNT, THE LEGAL RIGHT TO MAIL OUT LEGAL MAIL TO THE PLAINTIFFS' ATTORNEYS AND THE COURTS. *THIS NEGLECT* OF DEFENDANTS' OFFICIAL DUTY CONSTITUTES A DEPRIVATION OF *THE* PLAINTIFFS' RIGHTS PROTECTED BY THE U.S. CONSTITUTION, AMEND-MENT 14 AND S.C. CONSTITUTION, ART. I., SECTION 3.

## LAUNDRY

SEVEN: THE DEFENDANTS NEGLECT THE LAUNDRY SCHEDULE FOR THE PLAINTIFFS' WHITE CLOTHING, SUCH AS; T-SHIRTS, UNDERWEAR, AND SOCKS THAT ARE SOLD ON THE CANTEEN. THE DEFENDANTS' *NEGLECT* OF OFFICIAL DUTY FORCES THE PLAINTIFFS' *INTO THE ONLY RESORT* OF WASHING THEIR WHITE CLOTHING WITH BODY SOAP IN THE SINK OR SHOWER. THE DEFENDANTS WILL NOT PROVIDE *THE PLAIN-*TIFFS WITH SANITARY DETERGENT AND BLEACH. THIS FORM OF *NEGLECT* CAUSES THE PLAINTIFFS' ATHLETES FEET, **FUNGUL** ITCH, OILY SKIN, AND SKIN RASHES. THIS INHUMANE TREATMENT BY THE DEFENDANTS CONSTI-TUTES A DEPRIVATION OF THE PLAINTIFFS' RIGHTS PROTECTED BY *THE* THE U.S. CONSTITUTION, AMENDMENT 8 AND S.C. CONSTITUTION SECTION 15 AGAINST CRUEL AND UNUSUAL PUNISHMENT.

7.

## UNSANITARY AND INHUMANE CONDITIONS

EIGHT: THE DEFENDANTS ISSUE ELECTRIC HAIR CLIPPERS TO THE PLAINTIFFS FOR GROOMING. BEFORE THE HAIR CLIPPERS ARE ISSUED THEY ARE SPRAYED WITH A DISINFECTANT. THEREAFTER, THE DEFENDANTS NEGLECT THE CONDITIONS OF CONFINEMENT AND FAIL TO SPRAY THE CLIPPERS WITH DISINFECTANT AFTER INDIVIDUAL USE. THIS DAN-GEROUS INACTION SUBJECTS THE PLAINTIFFS TO BLOOD TRANSMITTED DISEASES, SUCH AS THE ACQUIRED IMMUNE DEFICIENCY SYNDROM (AIDS) AND HEPATITIS.

NINE: THE DEFENDANTS DO NOT ISSUE THE APPROPRIATE SANITARY CLEANERS FOR THE DETENTION CENTER SHOWERS. THE PLAINTIFFS ARE GIVEN ONE MOP BUCKET AND A MOP TO CLEAN SIXTEEN (16) ROOMS AND TWO SHOWERS FOR EACH UNIT IN THE DETENTION CENTER. THE DEFENDANTS NEGLECT OF THE APPROPRIATE SANITARY CLEANERS HAS CAUSED THE SHOWER FLOORS AND WALLS TO DEVELOP A GREEN AND BLACK MILDEW SCUM THAT HAS CREATED MILDEW FLIES. THE FILTHINESS HAS CAUSED THE PLAINTIFFS INFECTION, EYE INFECTION, BACTERIA RASHES, FUNGUL ITCH, AND ATHLETES FEET.

TEN: THE DEFENDANTS HAVE A SPECIAL MANAGEMENT UNIT IN THE JAIL FOR DISCIPLINARY SANCTIONS UPON PRISONERS. THE SEG-REGATION TAKES PLACE IN A PART OF THE FACILITY DESIGNATED AS D-BLOCK. THE DEFENDANTS HAVE FAILED TO ISSUE SANITARY CLEANERS TO PLAINTIFFS IN D-BLOCK FOR OVER ONE YEAR. THE FLOORS AND WALLS ARE FILTHY WITH SCUM DEPOSITS AND THE PLUMBING THAT LEADS TO CELL SINKS AND TOILETS ARE BACKED UP. THE SINK NOR TOILETS IN D-BLOCK HAVE RUNNING WATER. THE SINKS HAVE RUST AND SCUM

8.

DEPOSITS. THE URINE AND DEFECATION DEPOSITS CAUSE THE PLAINTIFFS'
INTERNAL INFECTIONS BY THE INHALATION OF GERMS.

## MEDICAL

ELEVEN: THE DEFENDANTS NEGLECT THE REQUIREMENT OF PRISONER
HANDBOOK PAGE 15 XIV. MEDICAL AND DO NOT PROVIDE THE PLAINTIFFS
WITH DAILY PROFESSIONAL TREATMENT FOR PLAINTIFFS' EMERGENCY CON-
DITIONS, ILLNESS, AND SICKNESS. THE NURSES NOR THE DOCTOR PROVIDE
THE APPROPRIATE TREATMENT FOR THE PLAINTIFFS' CONDITIONS. THE
MEDICAL STAFF NEGLECT THE INMATE MEDICAL REQUEST SLIPS AND
FAIL TO EXAMINE OR CHECK THE PLAINTIFFS' CONDITION FOR UP TO
SEVEN (7) DAYS. THIS NEGLIGENCE CONSTITUTES A VIOLATION OF THE
PLAINTIFFS' RIGHTS OF HUMANE SERVICES. THIS INACTION OF THE
MEDICAL STAFFS' DUTY IS MALPRACTICE.

TWELVE: THE DEFENDANTS DENY THE PLAINTIFFS THEIR PRESCRIBED
MEDICATIONS. THE PLAINTIFFS ARE INFORMED BY MEDICAL STAFF
THAT MEDICAL TREATMENT OF CERTAIN MEDICATIONS ARE PRO-
HIBITED BY THE DEFENDANTS. THE MAJORITY OF THESE MEDICATIONS
ARE A NECESSITY FOR THE PLAINTIFFS' TREATMENT AND CONDITION.

THIRTEEN: THE DEFENDANTS ALLOW THE NURSES TO CHARGE
THE PLAINTIFFS $1.00 FOR TWO (2) ASPIRIN OR TYLENOL AND FOR
1 DOSAGE OF LAXATIVE. THIS IS AGAINST THE MEDICAL PROFESSION
AND CONSUMER LAW IN MEDICAL TRANSACTIONS.

FOURTEEN: THE DEFENDANTS DENY THE PLAINTIFFS WHO
ARE UNDER LONG TERM CUSTODY AND CONTROL OF THE DETENTION

9.

CENTER THE RIGHT TO DENTISTRY FOR THE PLAINTIFFS' DENTAL NEED OF DENTIFRICE, CLEANING, CARE, AND FILLING OF CAVITIES OR PULLING OF ROTTEN TEETH. THIS INACTION CONSTITUTES A TORT INJURY.

## MENTAL HEALTH

FIFTEEN: THE DEFENDANTS EMPLOY ONE PSYCHIATRIST TO INTERVIEW AND EVALUATE THE PLAINTIFFS AND THEIR MENTAL CONDITIONS TO DETERMINE WHETHER THEIR CONDITION IS FROM DRUGS; WITHDRAWAL; PSYCHOSIS; MENTAL ILLNESS, EMOTIONAL DISTURBANCE, DERANGEMENT AND THE BEHAVIORAL ASPECT OF THE INDIVIDUAL PRISONERS NEED EMOTIONALLY AND MENTALLY. SOME OF THE PRISONERS INVOLVE PSYCHOSOMATIC SYMPTOMS AND OTHERS ARE PSYCHOPATHIC. PROFESSIONAL JUDGEMENT REQUIRES CERTAIN PRISONERS OF THE JAIL TO UNDERGO PSYCHOTHERAPY AND MENTAL EVALUATIONS, THERE ARE PRISONERS IN THE DETENTION CENTER AND RELEASED WHOM THE PSYCHIATRIST HAS DENIED PRESCRIBED PSYCHOTROPIC MEDICATIONS AND FAILED TO PRESCRIBE PSYCHOTROPIC MEDICATIONS BY INTENTIONAL NEGLECT OF THEIR NEEDS. AS A RESULT OF THIS MATTER, IN SOME INSTANCES PRISONERS HAVE MUTILATED THEIR ARMS AND BODIES WITH SHAVING RAZORS.

SECTION 24-13-80 (A)(3) "MEDICAL TREATMENT" MEANS EACH VISIT INITIATED BY THE INMATE TO AN INSTITUTIONAL PHYSICIAN, PHYSICIAN'S EXTENDER INCLUDING A PHYSICIANS ASSISTANT OR A NURSE PRACTITIONER, DENTIST, OPTOMETRIST, OR PSYCHIATRIST FOR EXAMINATION OR TREATMENT.

(B) THE ADMINISTRATOR OR DIRECTOR, WHICHEVER IS APPROPRIATE,

10.

MAY ESTABLISH, BY RULES, CRITERIA FOR A REASONABLE DEDUCTION FROM MONEY CREDITED TO THE ACCOUNT OF AN INMATE TO: (1) REPAY THE COSTS OF: (b) MEDICAL TREATMENT FOR INJURIES INFLICTED BY THE INMATE UPON HIMSELF OR OTHERS;

(2) DEFRAY THE COSTS PAID BY A MUNICIPALITY OR COUNTY FOR ELECTIVE MEDICAL TREATMENT FOR AN INMATE, WHICH HAS BEEN REQUESTED BY HIM, IF THE DEDUCTION DOES NOT EXCEED FIVE DOLLARS FOR EACH OCCURRENCE OF TREATMENT RECEIVED BY THE INMATE AT THE INMATE'S REQUEST. IF THE BALANCE IN AN INMATE'S ACCOUNT IS FIVE DOLLARS OR LESS, THE FEE MUST NOT BE CHARGED. THIS ITEM DOES NOT APPLY TO MEDICAL COSTS INCURRED AS A RESULT OF INJURIES SUSTAINED BY AN INMATE OR OTHER MEDICALLY NECESSARY TREATMENT FOR WHICH THAT INMATE IS DETERMINED NOT TO BE RESPONSIBLE.

(C) ALL SUMS COLLECTED FOR MEDICAL TREATMENT MUST BE REIMBURSED TO THE INMATE IF THE INMATE IS ACQUITTED OR OTHERWISE EXONERATED OF ALL CHARGES FOR WHICH THE INMATE WAS BEING HELD.

## MALFEASANCE AND EMBEZZLEMENT

SIXTEEN: THE DEFENDANTS BY MALFEASANCE OF SECTION 24-13-80, SUPRA.; HAS DEPRIVED THE PLAINTIFFS FROM MONEY IN THEIR ACCOUNTS FOR NECESSARY MEDICAL TREATMENT FOR SICK-NESS, CONDITION, ILLNESS, AND INJURY. THIS INTENTIONAL ACT BY THE DEFENDANTS WHO HAVE COME ACCROSS MONEY ACTUALLY OWNED RIGHTFULLY AND LAWFULLY BY THE PLAINTIFFS AND CON-VERTED THAT MONEY TO THE DEFENDANTS' OWN USE CONSTITUTES

EMBEZZLEMENT WHERE DEFENDANTS CHARGE THE PLAINTIFFS' ACCOUNTS $1.00 FOR EACH VALID AND NECESSARY VISIT WITH THE NURSE AND $2.00 FOR EACH VALID AND NECESSARY VISIT WITH THE DOCTOR, DENTIST, OR PSYCHIATRIST FOR EXAMINATION OR TREATMENT. ALSO INMATES THAT ARE ACQUITTED OR EXONERATED OF THEIR CHARGES ARE NOT REIMBURSED BY THE DEFENDANTS.

SECTION 24-5-120 EACH SHERIFF SHALL ANNUALLY REPORT TO THE GOVERNING BODY OF HIS COUNTY THE ACTUAL CONDITIONS OF THE JAIL, THE REPAIRS WHICH MAY BE WANTED AND THEIR PROBABLE COST.

SEVENTEEN: THE RESPONSIBLE AUTHORITY ABOVE AND THROUGH THE DEFENDANTS NEGLECT TO REPORT TO THE GOVERNING BODY THE ACTUAL CONDITIONS OF THE JAIL, THE REPAIRS NEEDED THEREIN, AND THEIR PROBABLE COST. THE HEATING AND AIR IN THE DETENTION CENTER HAS NOT BEEN FULLY FUNCTIONAL AND UP TO STANDARD FOR OVER SEVEN (7) MONTHS. THE HEAT DURING THE WINTER SEASON REMAINED OFF FOR LONG TERM PERIODS OF UP TO SEVEN (7) DAYS. CURRENTLY THE AIR CONDITIONING HAS BEEN OFF FOR ONE (1) MONTH.

EIGHTEEN: THE PLUMBING IN THE DETENTION CENTER IS BACKED UP AND THERE IS A BACK FLOW IN THE TOILETS. THE CELL TOILETS DO NOT FLUSH CORRECTLY AND FECES IS PUSHED BACK INTO THE TOILETS. THE SINKS IN THE CELLS ARE BACKED UP WITH HAIR AND SALIVA. AS A RESULT, THE WASTE IS PUSHED BACK INTO THE SINKS.

NINETEEN: THERE ARE CELLS IN THE WINGS THAT HAVE TOILETS WITH CRACKED SEALS — THE TOILETS LEAK ON THE CELL FLOORS. THE MAINTENANCE NEGLECT CHANGING THE SEALS. THE SURROUNDING SUR-

12.

FACE OF THE TOILETS ARE CAULKED BY MAINTENANCE AS A SUP-
POSED REMEDY. THE WASTE BLEEDS THROUGH THE CAULK WITHIN
TWO (2) DAYS AND THE TOILETS LEAK AS IF THEY HAVE NEVER
REPAIRED.

TWENTY: THE CONDITIONS OF THE SPECIAL MANAGEMENT
UNIT, D-BLOCK, IS NOT SUITABLE FOR LIVING. AS MENTIONED
EARLIER IN THE COMPLAINT, D-BLOCK DOES NOT HAVE WATER.
THE CONDITIONS OF CONFINEMENT THEREIN IS AN ENVIRONMENTAL
HAZARD—AN INHUMANE TREATMENT OF THE PRISONER. THE RES-
PONSIBLE AUTHORITY HAS NEGLECTED REPORTING THIS CONDITION
OF D-BLOCK TO THE GOVERNING BODY AS WELL THE AFORESAID
ENVIRONMENTAL CONDITIONS OF THE DETENTION CENTER.

SECTION 24-9-20 THE DIVISION SHALL BE RESPONSPON-
SIBLE FOR INSPECTING, IN CONJUNCTION WITH A REPRESENTATIVE
OF THE STATE FIRE MARSHAL, AT LEAST ANNUALLY EVERY FACILITY
IN THIS STATE HOUSING PRISONERS OR PRETRIAL DETAINEES
OPERATED BY OR FOR A STATE AGENCY, COUNTY, MUNICIPALITY, OR
ANY OTHER POLITICAL SUBDIVISION, AND SUCH INSPECTIONS SHALL
INCLUDE ALL PHASES OF OPERATION, FIRE SAFETY, AND HEALTH AND
SANITATION CONDITIONS AT THE RESPECTIVE FACILITIES.

TWENTY-ONE: THE RESPONSIBLE AUTHORITY HAS NEGLECTED
THOROUGH INSPECTION OR FAILED TO INSPECT THE GEORGETOWN
COUNTY DETENTION CENTER AS REQUIRED BY LAW. AS A RESULT
OF THE NEGLECT OF THOROUGH INSPECTION OR FAILURE TO
INSPECT, THE PLAINTIFFS HAVE SUFFERED HEALTH HAZARDS AND
INHUMANE CONDITIONS DESCRIBED THUS FAR.

## DISCIPLINARY PROCEDURE

TWENTY-TWO: THE DEFENDANTS BY MALFEASANCE INTEN-
INTENTIONALLY NEGLECT THE PRISONER HANDBOOK POLICY REQUIRE-
MENT FOR PROHIBITED ACTS IN THE GEORGETOWN COUNTY DETEN-
TION CENTER, WHICH CONSTITUTES A VIOLATION OF THE POLICY
AND THE PLAINTIFFS' FEDERAL AND STATE RIGHTS OF DUE PROCESS,
EQUAL PROTECTION OF THE LAW, AND PROTECTION AGAINST CRUEL
AND UNUSUAL PUNISHMENT.

TWENTY-THREE: THE PRISONERS OF THE GEORGETOWN COUNTY
DETENTION CENTER ARE AFFORDED RIGHTS AND PROCEDURE IN THE
PRISONER HANDBOOK CONCERNING DISCIPLINARY INFRACTIONS WHERE
EACH INDIVIDUAL DETAINEE IS INNOCENT UNTIL PROVEN GUILTY
IN ACCORDANCE WITH THE LAW. THE RULES AND PROCEDURE IN
THE PRISONER HANDBOOK IS FOUND AT PAGES 16-22.

TWENTY-FOUR: THE DEFENDANTS REFUSE TO INFORM THE
DETAINEES WHEN THEY ARE ACCUSED AND CHARGED BY THE KEEPERS,
WHY THEY ARE CHARGED OR WHAT THEY ARE CHARGED WITH.BEFORE
THE DETAINEES ARE TAKEN OUT OF POPULATION AND SEGREGATED
IN THE INHUMANE CONDITIONS OF THE SPECIAL MANAGEMENT
UNIT.

TWENTY FIVE: THE DEFENDANTS REFUSE TO INFORM THE
DETAINEES IN WRITTING OF THE NATURE OF THE CHARGE AGAINST
THEM AND THE ACCUSATION MADE AGAINST THE DETAINEE BY
THE KEEPERS.THE DETAINEE IS ALSO REFUSED A HEARING.
TO DETERMINE THE CIRCUMSTANCES OR INCIDENT. THIS IN-
ACTION CONSTITUTES A VIOLATION OF THE PROCEDURAL GUIDELINES

14.

SPECIFICALLY STIPULATED IN THE POLICY AND THE REQUIREMENTS OF DUE PROCESS OF LAW.

### INMATE GRIEVANCE PROCEDURE - NELSON V. LEEKE

TWENTY-SIX: *THE DEFENDANTS* EVADE THE GRIEVANCE PROCEDURE FOUND IN POLICY PAGES 23-24. *THE PLAINTIFFS ARE DENIED AN ANSWER* OR WRITTEN RESPONSE TO THEIR GRIEVANCES. THE DEFENDANTS ARE REQUIRED BY POLICY TO MAKE A WRITTEN DETERMINATION *ON THE* GRIEVANCE FORMS AND RETURN SAME TO THE PLAINTIFFS. THIS POLICY REQUIREMENT HAS BEEN EVADED BY THE DEFENDANTS FOR OVER ONE (1) YEAR. THIS PERIOD OF *NEGLECT IS DETERMINED BY THE* LITIGANT WHO HAS SET FORTH *THIS* ACTION. POLICY REQUIREMENT STATES: 4. YOUR GRIEVANCE WILL BE INVESTIGATED AND YOU WILL RECEIVE A WRITTEN DETERMINATION FROM THE HEARING OFFICER WITHIN FIVE (5) BUSINESS DAYS.

TWENTY-SEVEN: AS A RESULT OF THE DEPRIVATION OF RIGHT IN THE DECREE OF *NELSON V. LEEKE AND THE LAW,* THE DEFENDANTS HAVE DEPRIVED THE PLAINTIFFS FROM THEIR RIGHTS TO *REMEDIABLE* RELIEF AND HAS CAUSED EACH PLAINTIFF *EXTREME ANXIETY AND* DISTRESS BY THE DEPRIVATION OF A RESORT AND RESOLUTION WHILE FORCEFULLY DETAINED. THE INACTION AND *NEGLECT BY MAL-* FEASANCE OF LAW FURTHER DEPRIVES THE PLAINTIFFS FROM THEIR RIGHT TO MAKE AN APPEAL TO THE CHIEF ADMINISTRATIVE OFFICER. THE POLICY REQUIREMENT STATES:

5. IF YOU ARE NOT SATISFIED WITH THE *HEARING OFFICER'S DECISION*

15.

YOU MAY APPEAL THE DETERMINATION TO THE CHIEF ADMINISTRATIVE OFFICER OF THE FACILITY WITHIN TWO (2) BUSINESS DAYS.

TWENTY-EIGHT: THE DEFENDANTS BY THEIR NEGLECT IN ANSWERING THE PLAINTIFFS GRIEVANCES DEPRIVE PLAINTIFFS FROM THE RIGHT TO APPEAL. WITHOUT A RESPONSE TO THE GRIE-VANCES THERE IS NOT A RESORT FOR APPEAL RESOLUTION, THE CHIEF ADMINISTRATOR DOES NOT PROVIDE A SECOND STEP APPEAL FORM. THIS INACTION IS AN INTENTIONAL ACT TO ELUDE THE PLAINTIFFS FROM OBTAINING REMEDIABLE RELIEF FROM THE GRIEVANCE PROCEDURE PROVIDED IN POLICY. THIS ALLOWS THE PLAINTIFFS ONLY ONE RESOLUTION IN RESOLVING THEIR COMPLAINTS, THAT IS THE PRISONERS LITIGATION REFORM ACT.

### VIOLATION OF LAW

TWENTY-NINE: THE DEFENDANTS PARTICIPATE AND ACQUIESCE IN MALFEASANCE, MISFEASANCE, CRUEL AND UNUSUAL PUNISHMENT; EXCESSIVE FORCE; VIOLATIONS OF CONSTITUTIONAL AND STATUTORY LAW; NEGLECT OF PRECEDENT AND PUBLIC POLICY AND MALICIOUS PROSECUTION.

TWENTY-SIX: THE DEFENDANTS DETAIN PRISONERS WITH ACTUAL KNOWLEDGE THAT EVIDENCE AND REPORTS ARE FALSIFIED AGAINST THEM.

TWENTY-SEVEN: THE DEFENDANTS DETAIN PRISONERS ON FABRICATED AFFIDAVITS AND WARRANTS THAT HAVE BEEN ISSUED WITHOUT PROBABLE CAUSE.

TWENTY-EIGHT: THE DEFENDANTS USE EXCESSIVE FORCE AGAINST THE PRISONERS IN THE GEORGETOWN COUNTY JAIL.

16.

TWENTY-NINE: THE DEFENDANTS PARTICIPATE AND ACQUIESCE IN THE INFLICTION OF CRUEL, CORPORAL, AND UNUSUAL PUNISHMENT UPON THE PRISONERS.

THIRTY: THE DEFENDANTS HAVE VIOLATED THE PLAINTIFFS' STATE AND FEDERAL RIGHTS PROTECTED BY THE SOUTH CAROLINA CONSTITUTION, SECTIONS 3,4,9,10,11,12,14 AND 15 AND UNITED STATES CONSTITUTION, AMENDMENTS 4,5,6,8 AND 14.

## PROCEDURAL VIOLATIONS OF THE LAW

THIRTY-ONE: THE GEORGETOWN COUNTY MAGISTRATES ISAAC PYATT, ALAN WALTERS AND BENJAMIN DUNN AND MUNICIPAL JUDGE ROBBIE ODONNELL FAIL TO ETHICALLY PERFORM THEIR DUTY REQUIRED BY THE CODE OF JUDICIAL CONDUCT AND THE SOUTH CAROLINA BENCH BOOK FOR MAGISTRATES AND MUNICIPAL COURT JUDGES. THE DEFENDANTS PARTICIPATE AND ACQUIESCE IN THOSE ACTIONS BY THE CONTROL OF GEORGETOWN COUNTY DETENTION CENTER AND THE RECORDS THEREIN.

THIRTY-TWO: THE SHERIFF OF GEORGETOWN COUNTY, LANE CRIBB, AND HIS DEPUTIES WHO ACT AT HIS PLEASURE, NEGLECT PROCEDURAL LAW IN EFFECTUATING ARRESTS AND DO NOT FOLLOW CRIMINAL PROCEDURE. AS A RESULT, PRISONERS ARE ARRESTED AND CONFINED WITHOUT PROBABLE CAUSE. THE DEFENDANTS PARTICIPATE AND ACQUIESCE IN THE

SHERIFF'S ACTIONS BY THE CONTROL OF THE GEORGETOWN COUNTY DETENTION CENTER UNDER THE RESPONSIBLE AUTHOR-ITY AND THE RECORDS THAT ARE MAINTAINED THEREIN.

THIRTY-THREE: THE GEORGETOWN COUNTY PUBLIC DEFEN-DERS REUBEN GAUDE, ERIC FOX, STUART AXELROD AND RICHARD COLVIN NEGLECT THE FACTUAL EXISTENCE OF REPORTS AND RECORDS WHICH INDICATE THAT PRISONERS ARE BEING AGGRESSIVELY DETAINED IN CUSTODY WHERE PROBABLE CAUSE DOES NOT EXIST, OR THE OFFENSE CHARGED IS HIGHER THAN THE ACT, OR PROCEDURAL VIOLATIONS REFLECT AN INAPPROPRIATE ARREST HAS BEEN MADE OR REDUCES THE ACT— THESE FACTS CAN BE EASILY DETERMINED BY DUE DILIGENCE. THE PUBLIC DEFENDERS ABOVE NAMED ARE IN BREACH OF THE RULES OF PROFESSIONAL CONDUCT, RULE 407: 1.1 COMPETENCE, 1.3 DILIGENCE, 1.4 COMMUNICATION, 1.6 CONFIDENTIALITY, 2.1 ADVISOR AND 8.4 MISCONDUCT.

PROBABLE CAUSE IS A REQUISITE ELEMENT OF A VALID ARREST AND CONSIST OF THE EXISTENCE OF FACTS AND CIRCUM-STANCES WITHIN ONES KNOWLEDGE AND OF WHICH ONE HAS REASON-ABLY TRUSTWORTHY INFORMATION, SUFFICIENT IN THEMSELVES TO WARRANT A PERSON OF REASONABLE CAUTION TO BELIEVE THAT A CRIME HAS BEEN COMMITTED IN THE CONTEXT OF AN ARREST.

THIRTY-FOUR: THE SOLICITOR OF THE FIFTEENTH JUDICIAL CIRCUIT, GREG HEMBREE AND HIS CONSTITUENTS BY MALFEASANCE, INTENTIONALLY NEGLECT THE PLAINTIFFS' FUN-DAMENTAL RIGHTS TO A PRELIMINARY HEARING IN ACCORDANCE

18.

WITH SCRCRIM.P RULE 2 (a)(b)(c)(d) AND S.C. CODE SEC-
TIONS 17-23-160, 17-23-162. RULE 407 OF PROFESSIONAL CON-
DUCT REQUIRES; THE SPECIAL RESPONSIBILITIES OF A PROSE-
CUTOR IS AS FOLLOWS:

### RULE 3.8

THE PROSECUTOR IN A CRIMINAL CASE SHALL:

(a) REFRAIN FROM PROSECUTING A CHARGE THAT THE PROSECUTOR KNOWS IS
NOT SUPPORTED BY PROBABLE CAUSE;

(c) NOT SEEK TO OBTAIN FROM AN UNREPRESENTED ACCUSED A WAIVER OF
IMPORTANT PRETRIAL RIGHTS, SUCH AS THE RIGHT TO A PRELIMINARY HEARING.

THIRTY-FIVE: THE PLAINTIFFS AT THEIR BOND HEARINGS ARE
ISSUED BY THE MAGISTRATES NOTICE OF RIGHT TO PRELIMINARY HEARING
ON THE PRESCRIBED FORM FOR REQUEST. THE PLAINTIFFS RETURN THE
FORM WITHIN TEN (10) DAYS. THE MAGISTRATES, SOLICITOR, AND
THE PUBLIC DEFENDERS NEGLECT THE REQUESTS. THE PLAINTIFFS'
PRELIMINARY HEARINGS ARE NEVER HELD. THIS INACTION, CONSTI-
TUTIONAL AND STATUTORY VIOLATION DEPRIVES THE PLAINTIFFS
FROM THEIR RIGHTS TO CONTEST PROBABLE CAUSE EXISTS AND
TO HEAR THE TESTIMONY OF THE ACCUSER. THE STATUTORY REQUIRE-
MENT IS AS FOLLOWS:

SECTION 17-23-162 PRESENCE OF AFFIANT OR ARRESTING OFFICER
TO TESTIFY AT PRELIMINARY HEARING.

THE AFFIANT LISTED ON AN ARREST WARRANT OR CHIEF INVES-
TIGATING OFFICER FOR THE CASE MUST BE PRESENT TO TESTIFY
AT THE PRELIMINARY HEARING OF THE PERSON ARRESTED PURSUANT
TO THE WARRANT. ALSO SEE GIDEON V. MAINWRIGHT, 372 U.S.

19.

335, 83 S.CT 792, 9 L.Ed 2d 799; WHITE V. STATE OF MARY-LAND, 373 U.S. 59, 83 S.CT. 1650, 10 L.Ed 2d 193; HAMILTON V. ALABAMA, 368 U.S. 52, 82 S.CT. 157, 7 L.Ed. 2d 114. IN RE OLIVER, 333 U.S. 257, 68 S.CT. 499, 92 L.Ed. 2d 682; CANTWELL V. STATE OF CONNECTICUT, 310 U.S. 296, 60 S.CT. 900, 84 L.Ed. 2d 1213; NAACP V. ALABAMA, 357 U.S. 449, 78 S.CT. 1163, 2 L.Ed 2d 1488

THIRTY-SIX: THE PLAINTIFFS' PUBLIC DEFENDERS NEGLECT THE PLAINTIFFS' REQUESTS TO INVOKE THEIR STATUTORY RIGHT IN ACCORDANCE WITH SECTION 17-23-90 FOR FAILURE OF THE PROSECUTION TO INDICT WITHIN TWO TERMS OF GENERAL SESSIONS AND AS A RESULT, THE PLAINTIFFS ARE AGGRESSIVELY DETAINED BY THE DEFENDANTS.

THIRTY-SEVEN: THE DEFENDANTS AND THE JUDICIARY BY MALFEASANCE, INTENTIONALLY NEGLECT TO FOLLOW THE RULES OF CRIMINAL PROCEDURE, RULE 3; DISPOSITION OF ARREST WARRANTS. AS A RESULT, THE PLAINTIFFS REMAIN AGGRESSIVELY DETAINED BY THE DEFENDANTS.

THIRTY-EIGHT: THE PUBLIC DEFENDERS NEGLECT THE PLAINTIFFS' REQUESTS AND ASSERTION OF THEIR RIGHT TO A FAST AND SPEEDY TRIAL IN ACCORDANCE WITH THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 14 OF THE SOUTH CAROLINA CONSTITUTION. AS A RESULT OF THE DEPRIVATION OF RIGHT, THE

20.

DELIBERATE AND NEGLIGENT DELAY *HAS CAUSED THE PLAINTIFFS* EXTREME ANXIETY AND DISTRESS *BY THE AGGRESSIVE PRETRIAL* DETENTION OF THE PLAINTIFFS *BY THE DEFENDANTS.* THE INTERPRETATION OF THE RIGHT TO A *SPEEDY TRIAL IS SHOWN* IN KLOPFER V. NORTH CAROLINA, 386 U.S. 213, 87 S.CT. 988, 18 L.Ed.2d 291 AND BARKER V. WINGO, 407 U.S. 514, 92 S.CT. 2182, 33 L.Ed. 2d 101.

THIRTY-NINE: THE PUBLIC DEFENDERS BY MALFEASANCE OF THE CONSTITUTIONS, STATUTORY LAW, AND RULE 5 OF THE RULES OF CRIMINAL PROCEDURE INTENTIONALLY WITHHOLD INFORMATION AND PAPERS FROM THE PLAINTIFFS SO THE PLAINTIFFS ARE NOT ABLE TO MAKE INFORMED DECISIONS IN REGARD TO THEIR DEFENSE. *THIS INACTION CONSTI-* TUTES A VIOLATION OF THE RULES OF CONDUCT AND PRECE- DENTS IN BRADY V. MARYLAND, 83 S.CT. 1194; GIGLIO V. UNITED STATES, 92 S.CT. 763; UNITED STATES V. TASHMAN, 478 F.2d 129, NAPUE V. ILLINOIS, 79 S.CT. 1173, UNITED STATES V. AGURS, 96 S.CT. 2392; PYLE V. KANSAS, 317 U.S. 213, 216; MOONEY V. HOLLOHAN, 294 U.S. 103; ALCORTA V. TEXAS, 355 U.S. 28; WILDE V. WYOMING 362 U.S. 607, DURLEY V. MAYO, 351 U.S. 277, 285 AND BELL V. HOOD, 327 U.S. 678.

FORTY: THE CHIEF AMINISTRATIVE JUDGE STEVEN H. JOHN AND RESIDING JUDGE PAULA H. THOMAS FOR THE

DELIBERATE AND NEGLIGENT DELAY HAS CAUSED THE PLAINTIFFS EXTREME ANXIETY AND DISTRESS BY THE AGGRESSIVE PRETRIAL DETENTION OF THE PLAINTIFFS BY THE DEFENDANTS. THE INTERPRETATION OF THE RIGHT TO A SPEEDY TRIAL IS SHOWN IN KLOPFER V. NORTH CAROLINA, 386 U.S. 213, 87 S.CT. 988, 18 L.Ed. 2d 291 AND BARKER V. WINGO, 407 U.S. 514, 92 S.CT. 2182, 33 L.Ed. 2d 101.

THIRTY-NINE: THE PUBLIC DEFENDERS BY MALFEASANCE OF THE CONSTITUTIONS, STATUTORY LAW, AND RULE 5 OF THE RULES OF CRIMINAL PROCEDURE INTENTIONALLY WITHHOLD INFORMATION AND PAPERS FROM THE PLAINTIFFS SO THE PLAINTIFFS ARE NOT ABLE TO MAKE INFORMED DECISIONS IN REGARD TO THEIR DEFENSE. THIS INACTION CONSTI-TUTES A VIOLATION OF THE RULES OF CONDUCT AND PRECE-DENTS IN BRADY V. MARYLAND, 83 S.CT. 1194; GIGLIO V. UNITED STATES, 92 S.CT. 763; UNITED STATES V. TASHMAN, 478 F.2d 129; NAPUE V. ILLINOIS, 79 S.CT. 1173; UNITED STATES V. AGURS, 96 S.CT. 2392; PYLE V. KANSAS, 317 U.S. 213, 216; MOONEY V. HOLLOHAN, 294 U.S. 103; ALCORTA V. TEXAS, 355 U.S. 28; WILDE V. WYOMING 362 U.S. 607, DURLEY V. MAYO, 351 U.S. 277, 285 AND BELL V. HOOD, 327 U.S. 678.

FORTY: THE CHIEF AMINISTRATIVE JUDGE STEVEN H. JOHN AND RESIDING JUDGE PAULA H. THOMAS FOR THE

22,

DETERMINED BY THE TRIERS OF THE CASE;

2) FOR THE PUNITIVE DAMAGES SUSTAINED, A DETER-
MINATION AND AWARD BY THE JURY, A FIXED COMPENSATION
DETERMINED BY THE TRIERS OF THE CASE;

3) FOR A DETERMINATION OF THE MONETARY INJURIES
SUSTAINED BY THE PLAINTIFFS AND ANY OTHER DAMAGES THAT
MAY BE DETERMINED BY THE TRIERS OF THE CASE AND TO
BE AWARDED TO THE PLAINTIFFS FOR THEIR INJURIES.

4) FOR SUCH OTHER AND FURTHER RELIEF AS THE
COURT DEEMS JUST AND EQUITABLE.

THE PLAINTIFFS DECLARE UNDER PENALTY OF PERJURY
THAT THE FORGOING IS TRUE AND CORRECT AND NOT TO BE
INTERPOSED FOR DELAY.

SIGNED THIS __15__ DAY OF JUNE, 2004
GEORGETOWN, SOUTH CAROLINA

PLAINTIFFS  SIGNATURES
( Stacy W. Howard-Thons Legis )
393 U.S. 483

1. Stacy W Howard
2. C. J. Cobb
3. Roger Bass
4. John Henry Neen

5. Kevin L. Harrell
6. James Brooks Jr.
7. Brandon Burgess
8. John W. Howard

23.

9. Willie Barnes
10. _Juan Drurel_
11. _Frank Haughn_
12. _Travis Chavez_
13. _Steven Besham_
14. _Floyd Sessions_
15. _Thomas Thompson_
16. _Alfonso Smalls_
17. Al Smith
18. Jeffrey Stanley
19. _adrian paul_
20. Curtis Lawrimore
21. Jonathan Richter
22. _Seldon ____
23. Frankie Elliott
24. Billy Joe Gunter
25. Keith Cohen
26. Kenneth Lawshe
27. _Napoleon Sumpter_
28. _Franklin Robinson_